UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHARLES DOOLEY,                    )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    13-CV-3301
                                   )
JASON CHENOWITH, et al.            )
                                   )
    Defendants.                    )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, detained in the Rushville Treatment and Detention Center, pursues claims arising from alleged retaliation for filing a lawsuit.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

1

state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.  A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff has a case pending before this Court—Dooley v. Kibby, et al., 12-3006—in which Jason Chenowith is one of the Defendants.  Plaintiff alleges that Officer Chenowith has and continues to retaliate against Plaintiff for filing that lawsuit by harassing, threatening, and intimidating Plaintiff.  The retaliation includes "violent shakedowns," false disciplinary tickets, and the theft of Plaintiff's legal documents.

Plaintiff has a First Amendment right to pursue his pending case, and he cannot be retaliated against for doing so. To state a First Amendment retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir.2009) (*quoting* Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir.2008)); Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012). If at the summary judgment stage Plaintiff makes this prima facie showing, then Defendants must show that the adverse action would have occurred anyway by proffering a legitimate reason for the adverse action. Plaintiff must then offer evidence that the proffered reason is pretextual, i.e., a lie.

At this stage, though, Plaintiff need only allege facts to state a prima facie claim, which he has done. He alleges that Defendant Chenoweth has retaliated against Plaintiff because Chenoweth is a Defendant in Plaintiff's other pending case. Shake downs, false disciplinary tickets, and the theft of legal documents are sufficiently

adverse actions to deter the exercise of First Amendment rights. Accordingly, Plaintiff states a retaliation claim against Defendant Chenoweth.

Whether Plaintiff states a retaliation claim against the other Defendants is a more difficult question. Denying a request for corrective action does not generally state a claim. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . ."). However, liberally construed, Plaintiff alleges that the rest of the Defendants know about Officer Chenoweth's retaliation but they have turned a blind eye to or approved of the ongoing retaliation. At this point, Plaintiff states an arguable claim that the rest of the Defendants are participating in or turning a blind eye to the continued retaliation.

**IT IS ORDERED:**

1.      Plaintiff's petition to proceed in forma pauperis is granted (d/e 2).  The initial partial filing fee is waived because Plaintiff has no money in his account.  Pursuant to a review of the Complaint, the Court finds that Plaintiff states a federal constitutional claim for retaliation for the exercise of his First Amendment rights.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3.      The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 60 days of the entry of this order,

Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter an order scheduling deadlines for discovery and dispositive motions.

    4.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.    Defendants shall file an answer within 60 days of the day the waiver of service is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense

counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: **1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND, 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK**

**WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTERED:  October 18, 2013

FOR THE COURT:

                                             **s/Sue E. Myerscough**
                                              SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE